Form G5 (20260305)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | | |
|---|---|---|---|
| In Re: | ) | Case Number: | 26-16251 |
| | ) | | (Jointly Administered) |
| Baal Perazim Wellness & Health Services, PC, et al., | ) | Chapter: | 11 |
| | ) | | Honorable David D. Cleary |
| | ) | | SELECT IF OUTLYING AREA |
| | ) | | |
| Debtor(s) | ) | | |

**SECOND INTERIM ORDER (I) AUTHORIZING THE CONTINUED USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) CONTINUING THE FINAL HEARING**

This matter coming before the Court on the Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Scheduling a Final Hearing [Docket No. 10] (the "Motion") filed by Baal Perazim Wellness and Health Services, PC, Baal Perazim Wellness, Inc., and Solara Therapy, Limited (collectively, the "Debtors"); the Court having entered an interim order on October 6, 2026 [Docket No. 24] (the "First Interim Order"); the Debtors having filed an amended budget on October 20, 2026 [Docket No. 36] (the "Amended Budget"); the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M); venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion and of the hearing held on October 21, 2026 having been given and being sufficient under the circumstances; the Debtors still being in the process of preparing their schedules and statement of financial affairs, and the Court having continued the final hearing on the Motion; the Court finding that the continued use of cash collateral authorized in this order is necessary to avoid immediate and irreparable harm to the Debtors' estates pending the final hearing within the meaning of Bankruptcy Rule 4001(b)(2); and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that:

1. The Motion is granted on a second interim basis as provided in this order. Capitalized terms not defined in this order have the meanings given in the Motion. The First Interim Order remains in effect except as this order modifies it.

2. Use of cash collateral. The Debtors are authorized to use cash collateral from the entry of this order through the earlier of the conclusion of the Final Hearing and November 13, 2026 (the "Second Interim Period") as follows: (a) the Debtors may use cash collateral to pay the expenses set forth in the Amended Budget, which replaces the budget attached to the Motion as Exhibit A for the weeks ending October 23, 2026 through November 13, 2026, provided that the Debtors may exceed any line item of the Amended Budget by not more than 15% and may exceed total disbursements for the Second Interim Period by not more than 15% in the aggregate; (b) in addition to the Amended Budget, the Debtors may use cash collateral to pay rent and other obligations first arising after the Petition Date under their unexpired leases of nonresidential real property as those obligations come due (the "Postpetition Rent"), so long as, after giving effect to each payment, the Debtors' aggregate cash on hand is not less than the ending cash balance projected in the Amended Budget for that week; (c) the Debtors shall disclose each payment of Postpetition Rent in their monthly operating reports; and (d) the Debtors may pay prepetition wages and related amounts shown in the Amended Budget only to the extent the Court's

order dated October 6, 2026 [Docket No. 19] authorizes. This order does not authorize the payment of any amount that arose before the Petition Date under any lease. The payment of Postpetition Rent is not the assumption or rejection of any lease.

3. Replacement Liens. As adequate protection pursuant to sections 361(2) and 363(e) of the Bankruptcy Code, and to the extent of any decrease in the value of an Asserting Party's interest in cash collateral resulting from the Debtors' use of cash collateral after the Petition Date, including the use authorized by the First Interim Order and this order, each Asserting Party is granted a replacement lien on property of the Debtors acquired after the Petition Date of the same type as the Asserting Party's prepetition collateral, with the same extent, validity, and priority as the Asserting Party's prepetition lien, if any (the "Replacement Liens"). The Replacement Liens do not attach to claims and causes of action under chapter 5 of the Bankruptcy Code or their proceeds.

4. Carve-Out. The Replacement Liens and any other adequate protection granted to an Asserting Party are subject to the following (collectively, the "Carve-Out"): (a) fees payable to the United States Trustee under 28 U.S.C. § 1930(a)(6) and fees payable to the Clerk of the Court; (b) the allowed fees and expenses incurred before a Termination Event by persons or firms retained by the Debtors or by any committee under section 327, 328, 363, or 1103 of the Bankruptcy Code (the "Professionals"), in an amount not to exceed the lesser of the amounts budgeted for the Professionals in the Amended Budget through the Termination Event and the amounts allowed by the Court; and (c) the allowed fees and expenses of the Professionals incurred after a Termination Event, in an amount not to exceed $12,000.00. A "Termination Event" means the expiration or termination of the Debtors' authority to use cash collateral.

5. Professional Fee Reserve. Each week, the Debtors shall deposit the professional fee reserve shown in the Amended Budget ($4,000.00 per week) in the client trust account of the Debtors' proposed counsel (the "Professional Fee Reserve"). No Professional has a lien on or security interest in the Professional Fee Reserve. Funds in the Professional Fee Reserve may be paid to a Professional only under an order of the Court allowing the Professional's fees and expenses. Budgeted amounts not used in one week carry forward to later weeks. Any funds remaining in the Professional Fee Reserve after payment of all allowed fees and expenses of the Professionals revert to the estates and are subject to the Replacement Liens to the same extent as if they had never been deposited.

6. The Carve-Out does not include any success, transaction, or completion fee. Nothing in this order limits the right of any party in interest to object to the allowance of the fees and expenses of any Professional.

7. Insurance. As further adequate protection, the Debtors shall maintain insurance on their property and operations.

8. Reservation of rights. Nothing in this order is a determination or an admission that any Asserting Party holds a valid, perfected, enforceable, or unavoidable lien on or interest in cash collateral or any other property of the Debtors, or a determination or an admission of the amount, priority, or characterization of any claim. The term "Asserting Party" is used for convenience only. The Debtors, their estates, and all parties in interest reserve all rights, claims, and defenses, including all claims and causes of action under sections 502, 506, 510, 544, 547, 548, 549, 550, and 553 of the Bankruptcy Code and applicable nonbankruptcy law. Nothing in this order waives any right under section 506(c) of the Bankruptcy Code or grants relief from the automatic stay. Nothing in this order modifies the Debtors' obligations under 11 U.S.C. § 365(d)(3) or the right of any landlord to seek to compel performance of those obligations, relief from the automatic stay, or other relief, and all rights of the Debtors to oppose

any such request are reserved. Nothing in this order prejudices the right of any party in interest to object to the entry of a final order.

9. Final Hearing. The final hearing on the Motion (the "Final Hearing") is continued to Wednesday, November 4, 2026, at 10:30 a.m. Debtor shall file a proposed final cash collateral order and its next cash collateral budget by October 30, 2026. Any objection to entry of a final order must be filed and served on counsel for the Debtors no later than Monday, November 2, 2026, at 5:00 p.m.. The Debtors shall serve a copy of this order on the parties listed in paragraph 37 of the Motion within two business days after its entry.

10. The Debtors may file a supplemental or amended budget at any time and shall seek the Court's approval of it. The Debtors may not use cash collateral after November 13, 2026 except under a budget the Court approves.

11. This order is effective and enforceable immediately upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Enter:

United States Bankruptcy Judge

Dated: 10/27/2026

**Prepared by:**

Prepared by:
William J. Factor (6204675)
FACTORLAW
105 W. Madison Street, Suite 2300
Chicago, Illinois 60602
Tel: (312) 878-6976
wfactor@wfactorlaw.com

# EXHIBIT A

## *Cash Flow Budget Worksheet*

| | 1 | 2 | 3 | 4 | |
|---|---|---|---|---|---|
| ***Week Ending:*** | ***9-Oct*** | ***16-Oct*** | ***23-Oct*** | ***30-Oct*** | ***Total*** |
| **Beginning Cash Balance** | **$ 68,000** | **$ 500** | **$ 20,500** | **$ 39,500** | |
| **Cash Inflows (Income):** | | | | | |
| Insurance / Medicaid / Medicare collections | $ 190,000 | $ 190,000 | $ 190,000 | $ 190,000 | $ 760,000 |
| Patient payments | $ 17,000 | $ 17,000 | $ 17,000 | $ 17,000 | $ 68,000 |
| **Total Cash Inflows** | **$ 207,000** | **$ 207,000** | **$ 207,000** | **$ 207,000** | **$ 828,000** |
| **Available Cash Balance** | **$ 275,000** | **$ 207,500** | **$ 227,500** | **$ 246,500** | |
| **Cash Outflows (Expenses):** | | | | | |
| Payroll (wages and taxes) | $ 170,000 | $ 140,000 | $ 90,000 | $ 90,000 | $ 490,000 |
| Employee Insurance Benefits (health, dental, vision, life) | $ 70,000 | $ 5,000 | $ 5,000 | $ 57,000 | $ 137,000 |
| UIMC Reference Lab (lab tests and services) | $ - | $ - | $ - | $ 50,000 | $ 50,000 |
| Malpractice Insurance | $ 7,500 | $ 7,500 | $ 7,500 | $ 7,500 | $ 30,000 |
| Rent | $ - | $ - | $ - | $ - | $ - |
| Utilities & Telephone/Cleaning/Waste | $ 2,500 | $ 4,000 | $ 10,000 | $ 10,000 | $ 26,500 |
| Medical supplies / pharmacy | $ 15,000 | $ 15,000 | $ 15,000 | $ 15,000 | $ 60,000 |
| Software / billing | $ 5,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 35,000 |
| Office Expenses (supplies, paper products, shipping, etc.) | $ 500 | $ 1,500 | $ 1,500 | $ 1,500 | $ 5,000 |
| Physicians Revenue Group, Inc. (billing services) | $ - | 0 | $ 45,000 | $ - | $ 45,000 |
| Professional Fee Carveout/Reserve | $ 4,000 | $ 4,000 | $ 4,000 | $ 4,000 | $ 16,000 |
| **Total Cash Outflows** | **$ 274,500** | **$ 187,000** | **$ 188,000** | **$ 245,000** | **$ 894,500** |
| **Ending Cash Balance** | **$ 500** | **$ 20,500** | **$ 39,500** | **$ 1,500** | |