UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 26-16251 |
| | ) | (Jointly Administered) |
| Baal Perazim Wellness & Health Services, PC, et al., | ) | Chapter: 11 |
| | ) | Honorable David D. Cleary |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**FINAL ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL AND (II) GRANTING ADEQUATE PROTECTION**

This matter coming before the Court on the Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Scheduling a Final Hearing [Docket No. 10] (the “Motion”) filed by Baal Perazim Wellness and Health Services, PC, Baal Perazim Wellness, Inc., and Solara Therapy, Limited (collectively, the “Debtors”); the Court having entered an interim order on October 6, 2026 [Docket No. 24] (the “First Interim Order”) and a second interim order on October 27, 2026 [Docket No. 48] (the “Second Interim Order,” and together with the First Interim Order, the “Interim Orders”); the Debtors having filed a budget for the weeks ending November 6, 2026 through December 4, 2026 on October 30, 2026 [Docket No. 62] (the “Budget”), which filing is the budget approved by this order; the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M); venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion and of the final hearing held on November 4, 2026 (the “Final Hearing”) having been given and being sufficient under the circumstances; any objections to the entry of this order having been withdrawn, resolved as provided in this order, or overruled; and the Court being fully advised in the premises; IT IS HEREBY ORDERED that:

1. The Motion is granted on a final basis as provided in this order. Capitalized terms not defined in this order have the meanings given in the Motion. This order supersedes the Interim Orders upon its entry, except that the Replacement Liens granted under the Interim Orders and all actions taken in accordance with the Interim Orders before the entry of this order are ratified and remain effective.

2. Use of cash collateral. The Debtors are authorized to use cash collateral from the entry of this order through December 4, 2026 (the “Final Period”) as follows: (a) the Debtors may use cash collateral to pay the expenses set forth in the Budget, provided that the Debtors may exceed any line item of the Budget by not more than 15% and may exceed total disbursements for the Final Period by not more than 15% in the aggregate; and (b) the Debtors may pay prepetition wages and related amounts shown in the Budget only to the extent the Court's order dated October 6, 2026 [Docket No. 19] authorizes. This order does not authorize the payment of any amount that arose before the Petition Date under any lease.

3. Replacement Liens. As adequate protection pursuant to sections 361(2) and 363(e) of the Bankruptcy Code, and to the extent of any decrease in the value of an Asserting Party's interest in cash collateral resulting from the Debtors' use of cash collateral after the Petition Date, including the use authorized by the Interim Orders and this order, each Asserting Party is granted a replacement lien on property of the Debtors acquired after the Petition Date of the same type as the Asserting Party's

prepetition collateral, with the same extent, validity, and priority as the Asserting Party's prepetition lien, if any (the “Replacement Liens”). The Replacement Liens do not attach to claims and causes of action under chapter 5 of the Bankruptcy Code or their proceeds.

4. Carve-Out. The Replacement Liens and any other adequate protection granted to an Asserting Party are subject to the following (collectively, the “Carve-Out”): (a) fees payable to the United States Trustee under 28 U.S.C. § 1930(a)(6) and fees payable to the Clerk of the Court; (b) the allowed fees and expenses incurred before a Termination Event by persons or firms retained by the Debtors or by any committee under section 327, 328, 363, or 1103 of the Bankruptcy Code (the “Professionals”), in an amount not to exceed the lesser of the amounts budgeted for the Professionals in the budgets approved under the Interim Orders and the Budget through the Termination Event and the amounts allowed by the Court; and (c) the allowed fees and expenses of the Professionals incurred after a Termination Event, in an amount not to exceed $12,000.00. A “Termination Event” means the expiration or termination of the Debtors' authority to use cash collateral.

5. Professional Fee Reserve. Each week, the Debtors shall deposit the professional fee reserve shown in the Budget ($4,000.00 per week) in the client trust account of the Debtors' proposed counsel (the “Professional Fee Reserve”). No Professional has a lien on or security interest in the Professional Fee Reserve. Funds in the Professional Fee Reserve may be paid to a Professional only under an order of the Court allowing the Professional's fees and expenses. Budgeted amounts not used in one week, including amounts budgeted under the Interim Orders, carry forward to later weeks. If the Debtors do not make a deposit to the Professional Fee Reserve in the week in which it is scheduled, including any deposit scheduled under the Interim Orders, the Debtors may make that deposit in any later week, to the extent cash is available. Any funds remaining in the Professional Fee Reserve after payment of all allowed fees and expenses of the Professionals revert to the estates and are subject to the Replacement Liens to the same extent as if they had never been deposited.

6. The Carve-Out does not include any success, transaction, or completion fee. Nothing in this order limits the right of any party in interest to object to the allowance of the fees and expenses of any Professional.

7. Insurance. As further adequate protection, the Debtors shall maintain insurance on their property and operations that is reasonable in light of their remaining operations and property.

8. Limitation on Use of Itria Cash Collateral.

(a) Limitation. Except as provided in subparagraph (b), the Debtors shall not use Itria Cash Collateral to pay the fees or expenses of any Professional incurred in commencing or prosecuting, against Itria Ventures LLC (“Itria”), any adversary proceeding or contested matter that seeks (i) to avoid, under chapter 5 of the Bankruptcy Code or applicable non-bankruptcy law, any transfer to Itria or any lien or security interest asserted by Itria, or (ii) an affirmative recovery of money or property from Itria (each, a “Challenge”).

(b) Permitted uses. The limitation in subparagraph (a) does not apply to fees and expenses, in an aggregate amount not to exceed $10,000 (the “Permitted Budget”), incurred in:

(i) investigating the validity, enforceability, perfection, priority, extent, amount, and characterization of Itria's claims, liens, security interests, and transactions with the Debtors, and any claim or cause of action of the Debtors or their estates against Itria;

(ii) objecting to, or otherwise contesting the allowance, amount, priority, or secured status of, any claim filed or asserted by or on behalf of Itria, including on the ground that any agreement between Itria

and any Debtor is a loan, is usurious, or is otherwise unenforceable in whole or in part;

(iii) asserting any defense, setoff, or recoupment in response to any claim, motion, adversary proceeding, or other request for relief by Itria, and responding to any such request for relief;

(iv) determining the extent of Itria Cash Collateral, including under section 552 of the Bankruptcy Code, and determining the amount of any adequate protection to which Itria may be entitled; or

(v) negotiating, documenting, and seeking approval of any settlement with Itria, or proposing and seeking confirmation of a plan.

(c) Itria Cash Collateral. “Itria Cash Collateral” means cash collateral, as defined in section 363(a) of the Bankruptcy Code, only to the extent Itria holds a valid, perfected, enforceable, and unavoidable security interest in it. Nothing in this order determines or presumes that Itria holds an interest in any cash collateral. Receivables arising from services the Debtors render after the Petition Date, and the proceeds of those receivables, are not Itria Cash Collateral except to the extent provided by section 552(b) of the Bankruptcy Code and further order of the Court.

(d) Reservation of rights. Nothing in this paragraph (i) releases, waives, limits, adjudicates, or determines any claim, defense, or cause of action of the Debtors, their estates, or any other party in interest against Itria, or any claim, lien, or defense of Itria; (ii) limits the use of property that is not Itria Cash Collateral, including any recovery on account of a Challenge, to fund any Challenge; (iii) limits the rights of any official committee, any trustee appointed in these cases or in a successor case, or any other party in interest, none of whom is bound by subparagraph (a); or (iv) limits the right of the Debtors or any party in interest to seek authority from the Court, on notice to Itria, to use Itria Cash Collateral for any Challenge, or the right of Itria to oppose that request.

(e) Enforcement. If Itria contends that the Debtors have used Itria Cash Collateral in violation of this paragraph, Itria may seek appropriate relief from the Court on notice. A use of funds that Itria disputes under this paragraph is not a Termination Event and does not by itself terminate the Debtors' authority to use cash collateral.

(f) Adequate protection. In consideration of this paragraph, Itria has agreed that the adequate protection provided in this order is sufficient and that it will not seek periodic cash payments as adequate protection while this order remains in effect.

(g) Reporting. Within 30 days after the end of each calendar month, beginning with the month in which this order is entered, the Debtors shall provide to counsel for Itria, by email, a statement of the aggregate fees and expenses incurred during that month by the Debtors' Professionals for the purposes described in subparagraph (b), together with the cumulative amount charged against the Permitted Budget. The statement need not include time entries or disclose any information protected by the attorney-client privilege or the work-product doctrine, and it is not an application for, or a determination of, the allowance of any fees or expenses. A failure or delay in providing a statement is not a violation of this order or a Termination Event and is not a basis to deny or reduce the allowance or payment of any fees or expenses. If a statement is not provided when due, Itria may request it by email to counsel for the Debtors, and the Debtors shall provide it within seven days after the request.

9. Reservation of rights. Nothing in this order is a determination or an admission that any Asserting Party holds a valid, perfected, enforceable, or unavoidable lien on or interest in cash collateral or any other property of the Debtors, or a determination or an admission of the amount, priority, or characterization of any claim. The term “Asserting Party” is used for convenience only. The Debtors, their estates, and all parties in interest reserve all rights, claims, and defenses, including all claims and causes of action under sections 502, 506, 510, 544, 547, 548, 549, 550, and 553 of the Bankruptcy Code and applicable nonbankruptcy law. Nothing in this order waives any right under section 506(c) of the

Bankruptcy Code or grants relief from the automatic stay. Nothing in this order modifies the Debtors' obligations under 11 U.S.C. § 365(d)(3) or the right of any landlord to seek to compel performance of those obligations, relief from the automatic stay, or other relief, and all rights of the Debtors to oppose any such request are reserved.

10. Further hearing; supplemental budget. A further hearing on the Debtors' continued use of cash collateral will be held on Wednesday, December 2, 2026, at 9:30 a.m. The Debtors shall file any supplemental budget, and any proposed order approving it, by Friday, November 27, 2026. Any objection to the Debtors' continued use of cash collateral must be filed and served on counsel for the Debtors by Monday, November 30, 2026, at 5:00 p.m. The Debtors may not use cash collateral after December 4, 2026 except under a budget the Court approves.

11. Service. The Debtors shall serve a copy of this order on the parties listed in paragraph 37 of the Motion within two business days after its entry.

12. This order is effective and enforceable immediately upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Enter: David D. Cleary

Honorable David D. Cleary
United States Bankruptcy Judge

Dated: November 04, 2026

**Prepared by:**

William J. Factor (ARDC No. 6204675)
Lars A. Peterson (ARDC No. 6293551)
FACTORLAW
105 W. Madison Street, Suite 2300
Chicago, Illinois 60602
Tel: (312) 878-6976
Email: wfactor@wfactorlaw.com
Email: lpeterson@wfactorlaw.com
Proposed counsel for the Debtors